UNITED STATES of America, Plaintiff—Appellee,

v.

Jose Juan SANDOVAL, Defendant— Appellant.

No. 04–50267.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided May 17, 2005.

Douglas F. McCormick, Esq., USSA— Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff—Appellee.

James H. Locklin, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: PREGERSON, FISHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Jose Juan Sandoval appeals the district court's denial of his motion to suppress evidence of a firearm discovered during a *Terry* stop. After the district court denied his motion to suppress, Sandoval entered a conditional guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291. "On appeal of the denial of a motion to suppress evidence, we review conclusions of law de novo and factual findings for clear error." *United States v. Chavez–Miranda*, 306 F.3d 973, 977 (9th Cir.2002). We affirm.

■ "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). As Sandoval concedes, Officer Greg Stys had reasonable suspicion to stop Sandoval in order to determine whether he was in violation of a local curfew ordinance.

■ Sandoval nevertheless argues that Officer Stys lacked reasonable suspicion to continue his investigatory stop of Sandoval beyond the time necessary to confirm Sandoval's age. We disagree. Once a legitimate investigatory seizure is made, "[a]n officer may broaden his or her line of questioning if he or she notices additional suspicious factors, but these factors must be particularized and objective." *United States v. Perez*, 37 F.3d 510, 513 (9th Cir. 1994) (internal quotation marks and citations omitted). As the district court found, Sandoval briefly ran while out of Officer Stys's sight, appeared slightly pale and sweaty, and was in a high-crime area[1] at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Sandoval argues that the district court erred in relying solely on Officer Stys's testimony to establish the "high-crime" nature of the intersection of McFadden and Harbor Boulevards. We agree that "more than mere war stories are required to establish the existence of a high-crime area" and that "courts should examine with care the specific data underlying any such assertion." *United States v. Montero–Camargo*, 208 F.3d 1122, 1139 n. 32 (9th Cir.2000) (en banc). Even so, we also recognize that officers are entitled to "draw on

3:40 a.m. We conclude that under the totality of the circumstances Officer Stys had reasonable, articulable suspicion sufficient to permit him to broaden his line of questioning. *See id.; see also United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) ("[W]e have said repeatedly that [reviewing courts] must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing.") (internal quotation marks and citations omitted).

Sandoval also argues that Officer Stys lacked reasonable suspicion to conduct a weapons frisk of Sandoval.[2] A protective frisk is justified where an officer "has reason to believe that he is dealing with an armed and dangerous individual." *Terry,* 392 U.S. at 27, 88 S.Ct. 1868. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circum-

stances would be warranted in the belief that his safety or that of others was in danger." *Id; see also Maryland v. Buie,* 494 U.S. 325, 334 n. 2, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990) ("Even in high crime areas, where the possibility that any given individual is armed is significant, *Terry* requires reasonable, individualized suspicion before a frisk for weapons can be conducted.").

Based on the totality of the circumstances, we conclude that a reasonably prudent officer in Officer Stys's circumstance would have been warranted in conducting a weapons frisk of Sandoval. *See Terry,* 392 U.S. at 27, 88 S.Ct. 1868.

AFFIRMED.

---

their own experience and specialized training" in forming reasonable suspicion. *United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Here, Officer Stys stated that "in [his] experience as a patrol officer in the City of Santa Ana, Harbor Boulevard in the vicinity of McFadden Boulevard is an area of heavy narcotics trafficking and other criminal activity." While the district court may not have "examine[d] with care the specific data underlying" this assertion, *Montero–Camargo,* 208 F.3d at 1139 n. 32, we conclude that Officer Stys was still

entitled to give this factor *some* weight in forming reasonable suspicion.

2. We reject the government's assertion that reasonable suspicion was not required to conduct a weapons frisk of Sandoval. *See Moreno v. Baca,* 400 F.3d 1152, 1163 (9th Cir. 2005) ("[T]he Constitution requires that a law enforcement officer must, at minimum, have a reasonable suspicion that a parolee has engaged in criminal wrongdoing or violated his parole prior to arresting him or conducting a search of his person.").